FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 MAR 17 AM 9: 33

U.S. DISTRICT COURT
N.D. OF ALABAMA

CHRISTOPHER T. RICHEY, )
)
Plaintiff, )
)
vs. ) CV 96-PT-0463-M
)
VULCRAFT, a Corporation, )
)
Defendant. )
)

ENTERED

MAR 17 1997

## Memorandum Opinion

This cause comes on to be heard on a motion for summary judgment filed by the defendant, Vulcraft, filed on December 30, 1996. The facts of this case are undisputed and the issues involved are fairly straightforward. The plaintiff, Christopher T. Richey, injured his back in June 1993. As a result of that injury, the plaintiff was no longer able to perform his job as a welder. He received a worker's compensation settlement of $78,000. for diminished earning capacity. Vulcraft offered the plaintiff several other positions with Vulcraft, most of them office jobs for which the plaintiff would receive training. After the instant suit was filed, the defendant offered the plaintiff an accommodation as a draftsman, which the plaintiff accepted. However, plaintiff refused to report to work and informed James Campbell, the General Manager for Vulcraft, that he would accept no other jobs than a "Bridging" position. The defendant has stated that a "Bridging" position would be outside of the plaintiff's work limitations. Vulcraft had no other available jobs to which it could assign the plaintiff.

The plaintiff contends that Vulcraft was required to provide him with a position as a laborer

13

before it considered reassigning him to another position. The defendant made the plaintiff a reasonable accommodation by offering reassignment to a drafting position, which the plaintiff originally accepted. The plaintiff's later refusal to report to work after accepting the accommodation and his desire that Vulcraft create for him a position in which he could not perform demonstrates that the plaintiff is not a sincere disabled employee who desires a position with his employer but cannot obtain one because of discrimination. Instead, by all counts, the plaintiff is attempting to turn his injury to profit under the excuse of an Americans with Disabilities Act claim. See, Schmidt v. Methodist Hospital of Indiana, Inc., 89 F.3d 342, 344-45 (7th Cir. 1996) (finding a plaintiff who refused numerous reasonable accommodations not to be a qualified individual with a disability).

    The defendant's motion for summary judgment will be **GRANTED**.

This 17 day of March 1997.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE